UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGELIO RUIZ,

       Movant,

v.

UNITED STATES OF AMERICA,

       Respondent.
       _____/

File No. 1:16-cv-148

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This is an action to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On November 13, 2013, Movant Rogelio Ruiz pleaded guilty to possession with intent to distribute 500 grams or more of cocaine, and 28 grams or more of cocaine base. The Court sentenced him to a term of imprisonment of 188 months, at the low end of the Guidelines range. Movant's applicable range of sentence under the Guidelines was increased due to his status as a career offender.

Movant raises one claim: that his attorney was ineffective for failing to object to, or failing to investigate, Movant's classification as a career offender. Specifically, Movant contends that his attorney should have argued that Movant did not commit two felonies that would qualify as predicate offenses under the career-offender provision of the Sentencing Guidelines. Respondent contends that it does not oppose the relief requested, but asserts that Movant's counsel was not ineffective.

After reviewing the motion and response thereto, the Court ordered the parties to expand the record regarding counsel's conduct. Specifically, the Court asked the parties to provide evidence regarding the reason for counsel's decision to concede that Movant's prior convictions qualify as predicates for the career-offender enhancement. The parties have submitted affidavits in response to the order, one from Movant's trial attorney and one from Movant. The Court finds that an evidentiary hearing is not warranted, because Movant is entitled to relief based on the record before the Court.

## I. Background

As explained in more detail in the Court's July 11, 2016 memorandum opinion and order (ECF No. 11), Movant's classification as a career offender is based on a 1994 conviction for felony assault with a dangerous weapon and a 1996 conviction for delivery/manufacture of a controlled substance. Prior to sentencing, his counsel conceded that both convictions could be counted for purposes of the career-offender enhancement. (Objections, *United States v. Ruiz*, No. 1:13-cr-148, ECF No. 55, PageID.188.) Counsel asserted that they qualified because of the "revocation provisions" of the guidelines,[1] but argued that a downward departure was warranted because offenses occurring more than 15 years prior to the instant offense of conviction overstated Movant's criminal history. (*Id.*) The Court denied the request for a downward departure.

---

[1] *See* U.S.S.G. § 4A1.2(k)(2)(A).

When Movant appealed his sentence, he argued that he should not have been sentenced as a career offender because he was not incarcerated for the 1994 assault conviction within the 15-year window provided by § 4A1.2(e) of the Guidelines. The Court of Appeals declined to address the issue because it was waived by his trial counsel. *United States v. Ruiz*, 777 F.3d 315, 320 (6th Cir. 2015). However, the Court of Appeals noted that Movant's "well-developed argument raises a serious question as to whether Ruiz's trial counsel failed to provide effective assistance when he agreed that the 1994 Felony qualified as a career offender predicate," an issue that is "properly raised in a motion under 28 U.S.C. § 2255 and considered in the first instance by the district court." *Id.*

## II. Analysis

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. The petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. With regard to the performance prong, the Court must consider whether, in light of the circumstances as they existed at the time, counsel's "acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. The defendant bears the burden of

overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689.

### 1. Prejudice

Movant's 1994 assault conviction can be counted for purposes of the career-offender guidelines only if Movant was incarcerated as a result of that conviction after October 24, 1997. (*See* Mem. Op. & Order 2, ECF No. 11.) With respect to this conviction, the Initial Presentence Investigation Report ("PIR") asserted:

> [On October 3, 1994, Defendant] was sentenced to 2 to 4 years [in] prison . . . . The defendant was paroled on January 14, 1995, and committed a new felony drug offense which resulted in his parole being revoked. The defendant was paroled a second time on January 17, 1999, and discharged from parole on January 17, 2000.

(PIR ¶ 40, *United States v. Ruiz*, 1:13-cv-148, ECF No. 44.)

With respect to the felony drug offense, the PIR explained that, on December 11, 1996, Movant "was sentenced to 3 to 20 years prison. [He] was paroled on January 17, 1999, and discharged from parole on January 17, 2000." (*Id.*)

Thus, the PIR assumed that Movant was incarcerated for the assault conviction *and* the drug conviction from 1996 to January 1999, and that he was released from incarceration on both sentences at the same time. But that is not possible. In Michigan, when a felony is committed while the defendant is on parole, the sentence for the new felony must be served *after* the remaining minimum term of the sentence for the previous offense. Mich. Comp. Laws § 768.7a(2); *Wayne Cnty. Prosecutor v. Dep't of Corrs.*, 548 N.W.2d 900, 905 (Mich. 1996). In addition, the 1996 judgment clearly shows that the sentence for the drug conviction

was to run *consecutively* to any sentence currently being served. (ECF No. 2-1, PageID.111.) Thus, Movant's sentence for the assault conviction must have expired prior to January 1999, when he was released on parole for a second time. Indeed, given that the maximum four-year sentence for the assault was imposed in 1994, he could not have been serving that sentence in 1999.

Respondent acknowledges that if Movant had objected to the use of the assault conviction as a predicate offense, the Government "likely" would not have been able to meet its burden of proof to demonstrate that he had two prior qualifying convictions. (Response 9, ECF No. 7.) As the Court explained in its previous opinion and order, none of the documents provided by the parties clearly indicate whether Movant's parole was revoked when he returned to prison in 1996, or when Movant's assault sentence expired, though it is very likely that the sentence expired prior to October 24, 1997. (*See* Mem. Op. & Order 5-6, ECF No. 11.) Based on the record before the Court, the Government would not have been able to satisfy its burden. Thus, counsel's allegedly ineffective assistance prejudiced Movant.

**2. Performance**

Movant must also demonstrate that counsel performed in an objectively unreasonable manner. Respondent argues that this case is like *Thelen v. United States*, 131 F. App'x 61 (6th Cir 2005), in which counsel did not object to the use of a prior conviction to sentence the defendant as a career offender. In *Thelen*, the evidence presented at trial supported a reasonable inference that the prior conviction qualified and, thus, "competent counsel would

not necessarily think" that an objection "was likely to bear fruit. At the very least, it would fall within the range of professional discretion recognized by *Strickland*." *Id.* at 66.

As this Court discussed in its memorandum opinion and order, this case is not like *Thelen*. The PIR simply assumed that Movant was released on parole for both the drug offense and the assault conviction on the same date, though this could not have been the case. As competent counsel, Movant's attorney should have noticed this error. If he had, then he would have had a strong basis for conducting a further investigation into the record and for objecting to the use of the assault conviction as a predicate offense.

In his affidavit, Movant's trial counsel asserts that he reviewed the PIR and the Government's "criminal history disclosure" with Movant. (Mertens Aff. ¶ 7, ECF No. 12.) He did not conduct a further investigation into Movant's criminal history because Movant "did not give any indication that there was a problem or a concern with what was articulated in the Initial Presentence Report regarding his criminal history." (*Id.*)

Counsel's explanation is insufficient. It is counsel's responsibility to identify potential areas of concern in a presentence report, especially where, as here, the defendant is unlikely to appreciate the relevance of facts that could have a significant impact on the sentence. Although Movant would have known that he was released on parole in 1995, that he returned to prison in 1996, and that he was released on parole again in 1999, he would not necessarily have understood that his career-offender classification hinged on whether he was incarcerated *for the assault offense* until 1999 (or any time after October 24, 1997).

The Court cannot discern a reasonable basis for counsel's failure to investigate the aforementioned issue, or strategic grounds for not raising an objection to Movant's classification as a career offender. Unlike the defendant's attorney in *Thelen*, Movant's counsel did not have a reasonable basis in the record for inferring that an objection would be unlikely to bear fruit. Rather, counsel was clearly aware that the 1994 conviction was so old that it could not qualify as a prior conviction unless Movant's parole was revoked and Movant continued serving his assault sentence within the 15-year window. However, counsel apparently conceded the career-offender classification rather than conduct his own investigation. Thus, Movant has also satisfied the "performance" prong of the test for ineffective assistance of counsel.

Accordingly, the motion to vacate sentence will be granted, and Movant will be resentenced without the career-offender classification. An order will be entered that is consistent with this Opinion.

Dated: August 19, 2016                              /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE